STANLEY RULE & LEVEL CO. v. OHIO TOOL CO.

(Circuit Court of Appeals, Second Circuit.   October 3, 1903.)

No. 125.

**1. PATENTS—INFRINGEMENT—PLANE IRONS.**
    The Schade patent, No. 473,087, for a plane iron, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This cause is brought here by appeal from a decree of the United States Circuit Court for the Northern District of New York dismissing bill for infringement of complainant's patent No. 473,087, granted to Edmund Schade April 19, 1892, for a plane iron.

For opinion below see 115 Fed. 813.

Chas. P. Mitchell and J. P. Bartlett, for appellant.

W. A. Megrath, for appellee.

Before LACOMBE and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The only contribution to the prior art furnished by the patentee was the idea of placing in an ordinary plane iron a circular enlargement of the slot near its lower instead of its upper end. It would seem that this mere transposition involved only the exercise of ordinary mechanical skill, as found by the court below, especially as the prior art showed such circular slots and suggested such transposition. Thus, the Smith patent of 1878, for plane

irons, stated as follows: "A circular enlargement of the slot B near one or the other end; but this is not claimed here as original." But it is shown in support of the contention of invention that such transposition involved advantages in the use, and prolongation of the life, of the plane iron, and that the patented plane is of great utility and has been commercially successful.

We do not deem it necessary to discuss or determine the question of patentable novelty. If it be assumed that the patent is valid, the issue of infringement herein is disposed of by the limitations introduced into the single claim, which is as follows:

"In a plane, the combination of a plane iron having a longitudinal slot, 4, with the circular enlargement at its lower end, said slot extending up near to the upper end of the bit without any enlargement at said upper end, and a laterally adjusting lever having a projecting part fitted to work in the upper end of said slot, substantially as described, and for the purpose specified."

In the specifications and drawings the patentee describes and shows a circular slot, and emphasizes the importance of circular shape, as follows:

"By making the circular enlargement at the end of the slot, which is nearest the cutting edge, I am enabled to make the plane irons by pressing them out from sheet steel, and to harden and temper them to a point up to or beyond the lower edge of this circular enlargement with less liability of cracking the plane irons at this point, so that fewer irons are lost in hardening and tempering, and they are less liable to become cracked or broken at said point after they are put into use. This is because there are no angular notches at the lower end of the slot from which a crack will start."

It thus appears that the patentee contemplated the use of his circular slot enlargement on the lower end of sheet-steel plane irons, designed to be hardened and tempered after said slot had been punched, and that by his circular construction he proposed to obviate the objections attendant upon the use of angular notches. The plane irons manufactured by defendant belong to an entirely different class. They consist of wrought-iron bodies provided with thin strips or facings of steel welded to said bodies and serving to form the cutting edge of the plane iron. The slot enlargements are hexagonal in shape, and are punched in said wrought-iron bodies. The plane iron requires no tempering after said slot has been punched, and there is therefore no attendant difficulty by reason of cracking at the angular notches, such as was found in the class of irons described in the patent in suit. In these circumstances, it would be clearly outside the scope of the alleged invention to broaden said claim so as to exclude the word "circular" therefrom, and to include a distinctly different class of devices, which successfully employ the angular notches, with the use of which the patentee sought to dispense.

The decree is affirmed, with costs.